## Casey v. Conshohocken Athletic Club et al.

*Harry F. Hauser*, for plaintiff.
*E. Arnold Forrest*, for defendant.

KNIGHT, P. J., January 19, 1943.—Madeline Casey was injured in the collapse of a grandstand while attending a football game. She brought suit against the Conshohocken Athletic Club, an unincorporated association, and against a number of individuals, alleged to be members of the club. The jury rendered a verdict in the amount of $3,275.95 against the Conshohocken Athletic Club, and against the following as members of the club: Jerry Tancini, Richard Tancini, Charles Pettine, Andrew Pasquini, Ralph Pettine, Peter Bruni, James Matricordi, Yonne Martinelli, and Andrew Januzelli.

A motion was made for a new trial, which was overruled except as to James Matricordi, and as to him the motion was continued, so that depositions could be taken. These depositions have been taken, the motion argued, and is before us for decision.

In approaching the question before us some understanding of the make-up of the Conshohocken Athletic Club is necessary. This was an unincorporated association, it had no constitution or bylaws, held no regu-

lar meetings, and had no roster of members. It seems to have been a small group of individuals informally banded together for the purpose of promoting and supporting a football team. What membership in the club consisted of and how anyone became a member is, to say the least, a bit obscure.

Through information received (from what source is not disclosed), James Matricordi was named as a defendant. He was served with the summons and a copy of the statement of claim but entered no appearance and filed no affidavit of defense. He did not appear at the trial nor was he represented by counsel. After the testimony was nearly all in, Mr. Forrest, who represented the other defendants, brought to the attention of the trial judge that his client, said James Matricordi, was not a member of the Conshohocken Athletic Club. In an effort to do substantial justice, the trial judge permitted a witness to take the stand and testify that Matricordi was not a member of the club at the time the tort was committed. The trial judge then left it to the jury to say if this evidence overcame the presumption arising by reason of the failure of the defendant to appear and defend. All this may have been error, but certainly Matricordi has no standing to complain. The jury found by their verdict that Matricordi was a member.

The depositions show that Matricordi did not ignore the legal process served upon him. He first became aware that he was involved in the suit when he saw his name as a defendant mentioned in a local paper. He went to the editor to see what it was all about. He next called up Mr. Hauser, who was counsel for plaintiff and who told him to get a lawyer. Then he was served by the sheriff, and after service he went to see Mr. Hauser. What took place in Mr. Hauser's office is a matter of dispute. Matricordi says that he told Mr. Hauser that he was not a member of the club, and that Mr. Hauser told him to get a lawyer. He protested

against the expense involved in getting legal advice, and insisted that he be dropped from the case, whereupon Hauser said that a mistake had been made, and that he, Matricordi, was "in the clear". Matricordi testified that he left Mr. Hauser's office under the impression that he had been dropped from the case, and did nothing more about it. After the verdict was rendered he retained Mr. Forrest to represent him.

Mr. Hauser and Mr. Gallager, who was in Mr. Hauser's office when Matricordi called, in their depositions contradict practically all of Matricordi's testimony, and, supported by the probabilities of the situation, we are inclined to accept their version of what happened. These gentlemen, both members of this bar, testified that they told Matricordi several times that they could not drop him out of the case as a defendant, and advised him to get a lawyer to represent him. It is undisputed that Matricordi was not notified by anyone of the time and place of trial. Mr. Hauser said he would have sent notice, but he was in the hospital at the time, and Mr. Dennis, who tried the case, did not know that notice had not been given to Matricordi.

It also appears that the suit named James Matricordi as a defendant. The present applicant for a new trial is Vincenzo Matricardi. Defendant alleges that one of the reasons that he thought some mistake had been made was the misspelling of his name. We are of the opinion that there is little merit in this reason. Defendant admits that he was often called "Jimmy", and that "James" is often used as the English equivalent of "Vincenzo". The fact that he went to the editor of the local paper and later to Mr. Hauser shows that he knew he was the person named as defendant.

The fact that defendant had no notice of the time and place of trial is not disputed. There is no law or rule of court that we know of which makes it the duty of counsel for plaintiff to give an unrepresented defendant notice of when and where the case will be tried.

It has long been the practice in this court, however, for counsel for plaintiff to give an unrepresented defendant such notice. Had it not been for Mr. Hauser's unfortunate illness, in this case notice would have been given defendant. This notice may have been ignored, but if it had been given it would have gone a long way to refute the claim of defendant that he was under the impression that he had been dropped from the case.

Whether a new trial should be granted is a matter within the sound discretion of the court, but it is a legal discretion and should be exercised only for legal reasons. We are of the opinion that a new trial should be granted in this case as to the defendant James Matricordi for the following reasons:

Defendant declares he is not, and was not, a member of the Conshohocken Athletic Club when the cause of action arose. The loose and vague way in which the club was conducted and the informal manner of becoming a member would make it difficult for plaintiff to say who were members, and a mistake might easily have been made.

Defendant Matricordi may have honestly believed that a mistake had been made in naming him as a defendant and that, inasmuch as he was not a member, he was under no obligation to appear in court and defend himself.

Defendant Matricordi had no notice of the time and place of trial.

The fact that he was sued as James Matricordi, when his correct name is Vincenzo Matricardi, may have contributed to his belief that he had been included as a defendant by mistake.

We have grave doubts that Matricordi was a member of the club and believe that the interests of justice require a new trial to determine this fact. We do not think that plaintiff should be put to the burden of proving liability for the tort a second time, and that

at the new trial only the question of whether defendant Matricordi was a member of the Conshohocken Athletic Club at the time the tort was committed should be submitted to the jury.

And now, January 19, 1943, if, within 15 days of this date, defendant James or Vincenzo Martricardi shall file a stipulation that at a new trial the issue shall be limited as above set forth, then a motion for a new trial as to him is allowed and a new trial granted; otherwise the motion is overruled.